UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MICHAEL HILL,

                Plaintiff,

     -against-                                    9:12-CV-0202 (LEK/ATB)

KAREN LAPOLT, *et al.*,

                Defendants.

---

## **DECISION and ORDER**

**I.    INTRODUCTION**

This matter comes before the Court following a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3 filed on March 10, 2014, by the Honorable Andrew T. Baxter, U.S. Magistrate Judge, denying Plaintiff Michael Hill's ("Plaintiff") Motion for summary judgment and granting Defendants Karen Lapolt, S.E. Racette ("Racette"), T. Forbes, Jeffrey Linstrand ("Linstrand"), Stephen Rowe, D. Murphy, A. Weatherman, Ann Spada, Dr. Howard Silverberg ("Silverberg") and Scott Woodworth's (collectively, "Defendants") Cross-Motion for summary judgment. Dkt. Nos. 61 ("Motion"); 64 ("Cross-Motion"); 71 ("Report-Recommendation"). Plaintiff has filed Objections, which also seek reconsideration of Magistrate Judge Baxter's Order denying Plaintiff's Motion to Compel. Dkt. Nos. 74 ("Objections"); 58 ("Order"). For the following reasons, the Report-Recommendation is accepted and adopted in part and rejected in part.

**II.    STANDARD OF REVIEW**

A district court must review *de novo* any objected-to portions of a magistrate judge's report-recommendation or specific proposed findings or recommendations therein and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

U.S.C. § 636(b); accord FED. R. CIV. P. 72(b); see also Morris v. Local 804, Int'l Bhd. of Teamsters, 167 F. App'x 230, 232 (2d Cir. 2006); Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Chylinski v. Bank of Am., N.A., 434 F. App'x 47, 48 (2d Cir. 2011); Barnes, 2013 WL 1121353, at *1; Farid v. Bouey, 554 F. Supp. 2d 301, 306-07 & n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06 Civ. 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument.").

### III. REVIEW OF THE REPORT-RECOMMENDATION

In light of Plaintiff's status as a *pro se* litigant, the Court considers the Objections to raise the strongest legal arguments that they suggest. See McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999). Even doing so, the Court finds most of Plaintiff's objections to be either restatements of previously raised positions, general assertions that Magistrate Judge Baxter failed to properly consider record evidence, or conclusory allegations of bias. The Court reviews these claims for clear error, and finds none.

However, Plaintiff's arguments that Magistrate Judge Baxter improperly applied the law in granting summary judgment on Plaintiff's Eighth Amendment deliberate indifference claims merits *de novo* review. Prison personnel violate a prisoner's Eighth Amendment right to be free from cruel and unusual punishment when, *inter alia*, they act with "deliberate indifference to [her] serious

medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). Such indifference is actionable only if it results in "'the unnecessary and wanton infliction of pain.'" Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). A deliberate indifference claim contains both a subjective element—that personnel acted with "sufficiently culpable state of mind"—and an objective one—that the prisoner's condition was sufficiently serious. Wilson v. Seiter, 501 U.S. 294, 298 (1991). As to the subjective element, deliberate indifference requires "more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986). Rather, the official must "know[] of and disregard[] an excessive risk to inmate health and safety." Farmer v. Brennan, 511 U.S. 825, 836 (1994). This standard is "routinely equated with recklessness." Id. (approving the practice adopted by the Courts of Appeal). The objective element requires the condition to be "of urgency[:] one that may produce death, degeneration, or extreme pain."[1] Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996).

Plaintiff asserts that Defendants Silverberg, Racette, and Lindstrand displayed deliberate indifference to Plaintiff's medical needs by actively interfering with Plaintiff's requests for treatment. Plaintiff experienced severe chest and stomach pain, coughing and vomiting blood, blood in his stool, shortness of breath, and inability to move his left arm. Compl. ¶ 41. He argues that Magistrate Judge Baxter applied too exacting a standard in requiring that Defendants have denied Plaintiff all, rather than some, access to medical care. See Objs. at 4-9. Plaintiff alleges that he attempted to see Silverberg for treatment on July 16 and September 14, 2011, and was turned away; he further alleges that the corresponding records were falsified to show that Plaintiff refused

---

[1] Defendants conceded for the purposes of their Cross-Motion that Plaintiff's condition was sufficiently serious to satisfy the objective prong. See Report-Rec. at 9; Dkt No. 64-4 at 2. Accordingly, the Court need not address the objective prong of the inquiry.

3

treatment. Id.; Dkt. No. 1-1 at 30-32. Plaintiff further alleges that he was scheduled to see Silverberg in November 2011, but was never treated and the appointment was not duly rescheduled. Id. at 5-7; Dkt. No. 1-1 at 35-37. Plaintiff seeks to impute liability to Lindstrand and Racette on the grounds that they denied Plaintiff's grievances relating to his medical care. Dkt. No. 1 ("Complaint") ¶¶ 44-45.

Plaintiff concedes that he received *some* treatment for his conditions. Objs. at 6-7; Report-Rec. at 8-10 (explaining that Plaintiff received treatment from nurses on several occasions, and from a doctor on December 8, 2011, who switched Plaintiff's acid reflux medication due to allergy). Nevertheless, he argues that because Silverberg ordered that the records of Plaintiff's medical treatment be falsified and Plaintiff's requests for treatment be refused, Silverberg acted with the requisite mental state to support a deliberate indifference claim. In support, Plaintiff states that, on January 10, 2012, Dr. Silverberg was not sick, as Defendants claim; rather, he told Plaintiff that he would not see Plaintiff "until [Plaintiff] stop[ped] writing complaints." Compl. ¶ 43; Dkt. No. 64-4 at 2.

Silverberg's statement to Plaintiff, combined with the numerous rescheduled or cancelled appointments, is sufficient to raise a genuine issue of material fact as to whether Silverberg acted with deliberate indifference. A reasonable factfinder could infer from Silverberg's statement that, during the several weeks that Plaintiff struggled with his symptoms, Silverberg knew of Plaintiff's condition and the proper treatment and chose not to provide it. See Brock v. Wright, 315 F.3d 158, 164 (2d Cir. 2003) (stating that jury can infer that defendant was deliberately indifferent despite lack of direct evidence). That several nurses attempted to treat Plaintiff—whether or not they were unsuccessful, as here—is inapposite if Silverberg deliberately chose to either delay or decline the

4

proper medical treatment. Although the actions of other medical providers would be relevant if Plaintiff had sued all of his medical providers or an institution, see Sonds v. St. Barnabas Hosp. Corr. Health Servs., 151 F. Supp. 2d 303, 311 (S.D.N.Y. 2001) (holding that, when Plaintiff sues medical providers in total or as an institution, there is no Eighth Amendment violation as long as the overall level of medical care is adequate), the only medical provider that Plaintiff has sued is Silverberg. Therefore, the Court need only consider Silverberg's actions and finds that they could allow a reasonable factfinder to infer deliberate indifference.

Neither does Silverberg's denial of intent to harm Plaintiff provide a proper basis to grant summary judgment. By crediting Silverberg's account of his actions while discounting Plaintiff's, the Report-Recommendation exceeded the proper scope of summary judgment analysis. See Hayes v. N.Y. City Dep't of Corr., 84 F.3d 614, 619 (2d Cir. 1996) ("[Credibility] determinations are within the sole province of the jury") (citing Azrielli v. Cohen Law Offices, 21 F.3d 512, 517 (2d Cir. 1994)). The Court accordingly finds that Silverberg is not entitled to summary judgment on Plaintiff's Eighth Amendment claim.

For substantially the same reasons, the Report-Recommendation erred in recommending summary judgment for Silverberg on Plaintiff's retaliation claim due to a lack of adverse action. See Report-Rec. at 32. Three elements comprise a claim for retaliation against the filing of prison grievances: "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." Gill v. Pidlypchak, 389 F.3d 379, 380 (2d Cir. 2004). The filing of a prison grievance is protected conduct, and causation may be showed through the temporal link between the protected and retaliatory conduct. See Espinal v. Goord, 558 F.3d 119, 128-30 (2d Cir.

2009); Gayle v. Gonyea, 313 F.3d 677, 683 (2d Cir. 2002). Conduct equates to adverse action if it "would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights." Dawes v. Walker, 239 F.3d 489, 493 (2d Cir. 2001).

Refusal of medical care could deter an ordinary prisoner from filing grievances against medical personnel. Additionally, even if Silverberg's conduct did not constitute an Eighth Amendment violation, it could still constitute an adverse action for purposes of a retaliation claim. See Davis v. Goord, 320 F.3d 346, 352 (2d Cir. 2003) (explaining that retaliation claims are approached with some "skepticism and particular care, because virtually any adverse action taken against a prisoner by a prison official—even those otherwise not rising to the level of a constitutional violation—can be characterized as a constitutionally proscribed retaliatory act").

The Report-Recommendation did, however, properly recommend summary judgment for Racette and Lindstrand, who denied Plaintiff's grievance requesting medical care. Plaintiff has not adduced sufficient evidence that either Lindstrand or Racette acted with the requisite mental state. He states only that, because subsequent grievances yielded different results, Lindstrand and Racette must have "intercepted" a grievance as a "cover up." Objs. at 7. This is a conclusory assertion; Plaintiff provides no supporting evidence that Lindstrand and Racette "erect[ed] arbitrary and burdensome procedures" to purposefully delay Plaintiff's medical care. Objs. at 7-8 (quoting Ross v. Kelly, 784 F. Supp. 35, 47 (W.D.N.Y. 1992)). Although Plaintiff also claims that Lindstrand and Racette "had reason to know of inadequate medical care," this is insufficient to establish culpable state of mind. Objs. at 8 (citing Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004)). Negligence is not enough to establish liability under the Eighth Amendment, and a nonmedical supervisor is at most negligence when she yields to the discretion of treatment provided by medical personnel. See

6

Brock, 315 F.3d at 164 (holding that superintendent with no medical training did not act with deliberate indifference by denying grievance when treatment decisions were ongoing). Because Plaintiff was receiving treatment—even if not from Silverberg—there is no reasonable inference that Lindstrand and Racette acted with deliberate indifference to Plaintiff's medical needs.

The Court has conducted a thorough review of the remainder of the Report-Recommendation and the record, and finds no clear error. Accordingly, the Court accepts and adopts the Report-Recommendation except as to the deliberate indifference and retaliation claims against Defendant Silverberg.

**IV.     MOTION FOR RECONSIDERATION**

Plaintiff also seeks reconsideration of the May 2013 Order denying his Motion to compel discovery responses. Objs. at 37; Order; Dkt. Nos. 48, 60. The standard for granting a motion for reconsideration is strict. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." Id. Furthermore, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998). "Generally, the prevailing rule in the Northern District 'recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.'" Sumner v. McCall, 103 F. Supp. 2d 555, 558 (N.D.N.Y. 2000) (Kahn, J.) (quoting In re C-TC 9th Ave. P'ship, 182 B.R. 1, 3 (N.D.N.Y. 1995)).

Plaintiff's Motion for reconsideration is many months late under Local Rule 7.1(g) and not

7

properly filed as a separate motion.  Plaintiff's Motion fails on the merits as well: Magistrate Judge Baxter's Order was neither clearly erroneous nor manifestly unjust.[2]  Accordingly, the Motion is denied.

V.      **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 71) is **ACCEPTED** and **ADOPTED** except as to Plaintiff's deliberate indifference and retaliation claims against Defendant Dr. Howard Silverberg; and it is further

**ORDERED**, that Defendants' Cross-Motion (Dkt. No. 64) for summary judgment is **GRANTED** except as to the deliberate indifference and retaliation claims against Defendant Dr. Howard Silverberg, on which the Motion is **DENIED**; and it is further

**ORDERED**, that Plaintiff's Motion (Dkt. No. 61) for summary judgment is **DENIED**; and it is further

**ORDERED**, that Defendants Karen Lapolt, S.E. Racette, T. Forbes, Jeffrey Linstrand, Stephen Rowe, D. Murphy, A. Weatherman, Ann Spada, and Scott Woodworth are **DISMISSED** from this action; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

---

[2] Furthermore, Plaintiff already moved for reconsideration the Order.  Dkt. No. 59.

**IT IS SO ORDERED**.

DATED: March 31, 2014
Albany, New York

Lawrence E. Kahn
U.S. District Judge